**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>STEPHEN OLIMPI,<br>*Defendant.* | CRIMINAL ACTION<br>NO. 13-599 |

**PAPPERT, J.** **JUNE 6, 2016**

**MEMORANDUM**

On October 31, 2013 a grand jury indicted Stephen Olimpi ("Olimpi") for manufacturing child pornography, enticement, receiving child pornography and possession of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e), 2252(a)(2), 2252(a)(4)(B) and 2422(b). (Indictment, ECF No. 1; Apr. 25, 2016 Hr'g Tr. 5:6–10.) Olimpi, a 64 year-old male, is alleged to have posed as an 18 year-old male while corresponding with a 15 year-old female. (Apr. 25, 2016 Hr'g Tr. 5:11–15.) Olimpi is alleged, among other things, to have encouraged the minor to send him naked photos of herself. (*Id.*) Agents from the Federal Bureau of Investigation ("FBI"), pursuant to a warrant, executed a search of Olimpi's house where they found videos of the minor on Olimpi's computer. (*Id.* at 6:6–9.) During the search, Olimpi handwrote a statement confessing that he knew the girl was a minor when he encouraged her to send him pictures of herself.[1] (*Id.* at 6:11–16.)

On November 4, 2013 Olimpi was released on bail and ordered to submit to electronic monitoring. (ECF No. 5.) He was further ordered to remain inside his home but was allowed to

[1] Olimpi has not moved to suppress the evidence obtained during the search of his home. (*See generally* ECF Nos. 1–34.)

attend medical appointments, meetings with counsel and religious services. (*Id.*) At his arraignment on December 5, 2013 Olimpi pleaded not guilty to all counts. (ECF No. 10.)

**I.**

On January 14, 2014 Olimpi moved to continue his trial on the basis that he was not physically competent to prepare and stand for trial. (Mot. to Cont. ¶¶ 1–7, ECF No. 13.) The motion stated that Olimpi, who suffers from end stage renal disease, requires dialysis three days per week for his failing kidney and that this medical condition makes it difficult for him to consult with his attorney. (*Id.* ¶ 3.) Judge Mary McLaughlin, to whom this case was formerly assigned, granted the unopposed motion that day. (ECF No. 14.)

On March 3, 2014 Judge McLaughlin granted a second motion to continue Olimpi's trial, finding that he "is currently physically incompetent to stand trial which was scheduled" to begin that day. *United States v. Olimpi*, No. 13-cr-599, slip op. at 2 (E.D. Pa. Mar. 3, 2014). Judge McLaughlin noted that Olimpi's body rejected a kidney transplant and he now undergoes dialysis three days per week because he has no renal function. *Id.* at 2. Olimpi had also been diagnosed with cryptococcal pneumonia and cryptococcal meningitis. *Id.* Judge McLaughlin found that "[i]f the trial went forward at this time, Olimpi would have extreme difficulty in effectively assisting in his defense." *Id.* at 3.

Olimpi's counsel filed a third motion to continue in June 2014, which the Court granted after a hearing during which Olimpi was present. (ECF Nos. 23, 24.) Judge McLaughlin continued Olimpi's trial indefinitely and requested that defense counsel update the Court on Olimpi's health. (June 23, 2014 Hr'g Tr at 14:7–16.) On June 18, 2015 Judge McLaughlin held a conference call with counsel during which Olimpi's attorney stated that Olimpi was continuing to receive dialysis three days per week. (June 18, 2015 Tr. 6:17–19.) He stated that Olimpi was

extremely fatigued on each day following his dialysis, leaving Mondays as the only potential day to hold a trial. (*Id.* at 6:17–19.)

On August 12, 2015 the case was reassigned from Judge McLaughlin to this Court. (ECF No. 28.) Shortly after receiving the case the Court held a telephone conference with counsel for the parties to discuss Olimpi's health. (Apr. 25 Hr'g Tr. 3:3–8.) The Court subsequently held a hearing on April 25, 2016 to allow counsel to provide a further update on Olimpi's health and ability to stand trial. (ECF No. 32.) During that hearing, which Olimpi attended, counsel reiterated that due to the dialysis Olimpi receives each week, the only feasible day to hold a trial is each Monday. (Apr. 25, 2016 Hr'g Tr. 7:17–23.) The Court issued an Order on that same day requiring defense counsel to file a brief by May 13, 2016 addressing whether Olimpi can and should stand trial given his physical condition. The government was required to respond by May 27, 2016. (ECF No. 33.) Defense counsel never filed the required memorandum.

**II.**

Unlike mental incompetency, there is no statutory provision related to physical incompetency. *United States v. Gunter*, No. 12-cr-394-4, 2013 WL 5942341, at *1 (E.D. Pa. Nov. 5, 2013) (citing 18 U.S.C. § 4241). Any decision to continue a trial due to physical incompetence is within the court's discretion. *Gunter*, 2013 WL 5942341, at *1 (citing *United States v. Schaffer*, 433 F.2d 928, 930 (5th Cir. 1970); *United States v. Reddy*, 2003 WL 22339464, *3 (S.D.N.Y. Oct. 14, 2003); *United States v. Gambino*, 809 F. Supp. 1061, 1077 (S.D.N.Y. 1992)); *see United States v. Musto*, No. 10-cr-338, 2014 WL 47351, at *1 (M.D. Pa. Jan. 7, 2014).

In exercising its discretion to determine whether a defendant is physically competent to stand trial, the Court considers: (1) the medical evidence; (2) the defendant's activities at work or

play; (3) the possibility of measures to minimize the risk to defendant's health in subjecting him to a trial; (4) the temporary or permanent character of the physical problem; and (5) the magnitude and seriousness of the crime, *i.e.*, the public's interest in prosecuting the case. *Gunter*, 2013 WL 5942341, at *1 (citations omitted).

The Court finds that Olimpi is physically competent to stand trial. Defense counsel has provided to the Court medical reports from various treating physicians regarding Olimpi's health. Those records indicate that Olimpi currently receives dialysis three days per week. Although the medical records indicate that Olimpi suffers from a serious medical condition, they also indicate that he is "[n]ot in acute distress," he has "[u]nlabored" breathing, and that he "rarely offers any complaints."

Olimpi's activities also demonstrate that he is able to appear in court for his trial and participate in his defense. He is sufficiently ambulatory to get to and from his medical appointments each week and has previously appeared before the Court. (ECF Nos. 23, 32.) Further, the Court can make accommodations to minimize the risk to Olimpi's health in subjecting him to trial. Olimpi receives treatment for his disease multiple times per week, but can meaningfully participate in his trial on each Monday. During the April 25, 2016 hearing, defense counsel stated that Olimpi uses portable oxygen and that he could coordinate bringing additional oxygen tanks to the courthouse during trial days. (Apr. 25, 2016 Hr'g Tr. 9:15–18.)

Olimpi will continue to experience the same medical issues indefinitely. His condition will only significantly improve if he undergoes a successful kidney transplant, a process for which there is no current timetable. (Apr. 25, 2016 Hr'g Tr. 13:17–25.) The magnitude and seriousness of the alleged crimes and the public's interest in prosecuting the case outweigh the

reason for continuance, *ad infinitum*, of Olimpi's trial. The trial will be held every Monday until its conclusion to accommodate Olimpi's medical condition and treatment schedule.[2]

An appropriate Scheduling Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

[2] For its part, the government believes the trial should not take more than four or five days. (Apr. 25, 2016 Hr'g Tr. 8:17–18.)